IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

IN THE MATTER OF THE RESTRAINT OF:

APPROXIMATELY 400 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4295 COUNTY ROAD 528, VERBENA, ALABAMA, 36091

Case No.: 2:21cm3634-mHT

UNDER SEAL

## FOURTEEN-DAY TEMPORARY RESTRAINING ORDER

The United States has made an *ex parte* application before this Court, pursuant to Title 21, United States Code, Section 853(e)(2) and Title 18, United States Code, Section 983(j)(3), for a temporary restraining order to preserve the availability of the following property that is currently or potentially subject to forfeiture to the United States:

**APPROXIMATELY 400 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS**

Upon consideration of the Government's application and the evidence set forth in the application, this Court makes the following findings:

1. Pursuant to Title 21, United States Code, Section 853(e)(1), this Court is authorized to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2. Pursuant to Title 21, United States Code, Section 853(e)(2), this Court may enter an *ex parte* 14-day temporary restraining order if the United States demonstrates probable cause to believe the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture.

3.	There is probable cause to believe the above-captioned birds are subject to forfeiture and restraint because they constitute property involved in violations of Title 7 United States Code, Section 2156 and, therefore, would, in the event of conviction, be subject to forfeiture to the United States pursuant to Title 7 United States Code, Section 2156(f).

4.	Advance notice of the Government's request for this restraining order to the owner(s) of the subject property or to those in custody of the subject property will jeopardize the availability of the property for forfeiture.

ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED, that William Colon Easterling, and/or any other persons acting on his behalf are prohibited, enjoined, and restrained from attempting or completing any action that would affect the availability of the above-identified property including, but not limited to, selling, transporting, removing, secreting, euthanizing, or otherwise disposing of all or any part of his interest, direct or indirect, in the subject birds.

IT IS FURTHER ORDERED that William Colon Easterling shall maintain physical custody of the birds pursuant to the terms and conditions listed below:

1.	The birds shall not be moved from 4295 County Road 528, Verbena, Alabama, 36091 without written authorization from the United States Department of Agriculture Office of Inspector General.

2.	The birds shall not be harmed, killed, or otherwise disposed of without written consent of the United States Department of Agriculture Office of Inspector General.

3.	Each seized bird shall be tagged, and the tag will have an ID number affiliated with the particular bird. The owner shall not remove any tags from the birds for any reason

without prior authorization from the United States Department of Agriculture Office of Inspector General.

4. If a bird dies, the owner shall immediately contact the United States Department of Agriculture Office of Inspector General with the bird's ID number. A United States Department of Agriculture Office of Inspector General agent will, within 48 hours, inform the owner whether the United States will seize the bird's body.

5. The birds must be humanely cared for at the expense of the owner.

6. Agents of the United States have the right to view and inspect the birds if any such inspection is deemed appropriate or necessary by the United States.

7. The United States and its individual officers shall be held harmless for and released from any and all damage, injury, or loss which may occur to any persons or property as a result of the maintenance of the birds while held by the owner pursuant to this agreement.

8. All insurance coverage maintained on the birds or the facility/structure in which the birds are maintained shall be kept in force at the expense of the owner.

9. Should the owner decide that they no longer wish to care for the birds, the owner must first contact the United States Department of Agriculture Office of Inspector General to request a surrender form and to come to an agreement about the disposal of the birds, which may include euthanasia or placement.

10. Breach of any of the above-listed terms and conditions may result in the request of civil and/or criminal sanctions against the owner.

IT IS FURTHER ORDERED that the United States or its agent shall serve a copy of this temporary restraining order forthwith upon William Colon Easterling, and any other persons with an interest in the above-described property, and make a return thereof to this Court.

IT IS FURTHER ORDERED that this temporary restraining order shall expire within 14 days from the date of its entry or June 25, 2021, unless extended for good cause shown or unless the party against whom it is entered consent(s) to an extension for a longer period.

IT IS FURTHER ORDERED that in the event a hearing is requested concerning this Temporary Restraining Order or its conversion to a 90-day restraining order under 21 U.S.C. § 853(e)(1)(B), said hearing shall be held on or before June 24, 2021.

Dated: June 11, 2021

/s/ Myron H. Thompson
United States District Judge
Myron H. Thompson