IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | ) ) ) | MISC. ACTION NO. 2:21cm3634-MHT |
| APPROXIMATELY 400 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4295 COUNTY ROAD 528, VERBENA, ALABAMA, 36091 | ) ) ) ) ) ) ) ) | (WO) |

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | ) ) ) | MISC. ACTION NO. 2:21cm3635-MHT |
| APPROXIMATELY 1,000 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4227 COUNTY ROAD 528, VERBENA, ALABAMA, 36091 | ) ) ) ) ) ) ) ) | (WO) |

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | ) ) ) | MISC. ACTION NO. 2:21cm3636-MHT |
| APPROXIMATELY 1,000 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4046 COUNTY ROAD 528, VERBENA, ALABAMA, 36091 | ) ) ) ) ) ) ) ) | (WO) |

## OPINION AND ORDER EXTENDING RESTRAINING ORDER

After notice to the interested parties and a hearing held today, and based upon the representations made today and the evidence presented, the court finds, pursuant to 21 U.S.C. § 853(e)(1)(B) that "there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture;" and that "the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered." 21 U.S.C. § 853(e)(1)(B)(i) & (ii). The court further finds, pursuant to 18 U.S.C. § 983(j)(1)(B), that "there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed

from the jurisdiction of the court, or otherwise made unavailable for forfeiture;" that "the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered;" and that the government has shown "a substantial probability of prevailing on the issue of forfeiture and a similar probability that failure to enter the order will result in destruction, removal or other unavailability of the property, which risk outweighs the hardship imposed on any party." 18 U.S.C. § 983(j)(1)(B)(i) & (ii). The court further finds "probable cause to believe that the property with respect to which the order is sought is subject to civil forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture," 18 U.S.C. § 983(j)(3), as well as "probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under

3

this section and that provision of notice will jeopardize the availability of the property for forfeiture," 21 U.S.C. § 853(e)(2).

However, the court will limit the restraining order, for now, to 49 days.  Should the government seek an extension, it should file a motion for the same.

***

Accordingly, it is ORDERED as follows:

(1) The order extending temporary restraining order for 90 days (Doc. 4) is rescinded.

(2) The restraining order entered on June 11, 2021 (Doc. 2) is extended through August 13, 2021.

DONE, this the 25th day of June, 2021.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**