IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | ) ) ) | MISC. ACTION NO. 2:21cm3634-MHT |
| APPROXIMATELY 400 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4295 COUNTY ROAD 528, VERBENA, ALABAMA, 36091 | ) ) ) ) ) ) ) | (WO) |

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | ) ) ) | MISC. ACTION NO. 2:21cm3635-MHT |
| APPROXIMATELY 1,000 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4227 COUNTY ROAD 528, VERBENA, ALABAMA, 36091 | ) ) ) ) ) ) ) | (WO) |

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | ) ) ) | MISC. ACTION NO. 2:21cm3636-MHT |
| APPROXIMATELY 1,000 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4046 COUNTY ROAD 528, VERBENA, ALABAMA, 36091 | ) ) ) ) ) ) ) | (WO) |

## OPINION AND ORDER GRANTING
## MOTION TO EXTEND RESTRAINING ORDER

These cases are before the court on the government's motion to extend the court's restraining order. On June 11, 2021, the court entered a 14-day ex parte temporary restraining order. After notice to the parties and an evidentiary hearing held on June 25, 2021, the court entered a restraining order through August 13, 2021, pursuant to 21 U.S.C. § 853(e)(1)(B) and 18 U.S.C. § 983(j)(1)(B). The government now asks the court to extend the restraining order for another 31 days, through September 13, 2021.

Based upon the representations made on the record on August 9, 2021, and based on the evidence heard on June 25, 2021, the court finds that the government has met the requirements for issuance of a further 31-day restraining order pursuant to 21 U.S.C. § 853(e)(1)(B) and 18 U.S.C. § 983(j)(1)(B). Specifically, the court finds that the government has acted in good faith and diligently in assessing the evidence gathered during

2

its investigation and that the government needs an additional 31-day stay to prevent loss of the restrained property.

The requested relief is well within the time limits set forth in the relevant statutes. A restraining order issued pursuant to 21 U.S.C. § 853(e)(1)(B) "shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information … has been filed." 21 U.S.C. § 853(e)(1). Likewise, a restraining order issued pursuant to 18 U.S.C. § 983(j)(1)(B) "shall be effective for not more than 90 days, unless extended by the court for good cause shown, or unless a [forfeiture] complaint … has been filed." 18 U.S.C. § 983(j)(2). The restraining orders entered pursuant to these provisions have been in effect since June 25, 2021, that is, for 47 days so far. Accordingly, a 31-day extension is not excessive.

In addition, as before, the court finds that "there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture;" and that "the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered." 21 U.S.C. § 853(e)(1)(B)(i) & (ii). The court further finds, pursuant to 18 U.S.C. § 983(j)(1)(B), that "there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture;" that "the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party

against whom the order is to be entered;" and that the government has shown "a substantial probability of prevailing on the issue of forfeiture and a similar probability that failure to enter the order will result in destruction, removal or other unavailability of the property, which risk outweighs the hardship imposed on any party." 18 U.S.C. § 983(j)(1)(B)(i) & (ii). The court also finds "probable cause to believe that the property with respect to which the order is sought is subject to civil forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture," 18 U.S.C. § 983(j)(3), as well as "probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture," 21 U.S.C. § 853(e)(2).

***

Accordingly, it is ORDERED as follows:

(1) The government's motion to extend the restraining order (Doc. 19) is granted.

(2) The restraining order entered on June 25, 2021 pursuant to 21 U.S.C. § 853(e)(1)(B) and 18 U.S.C. § 983(j)(1)(B) (Doc. 16) is extended through September 13, 2021.

DONE, this the 11th day of August, 2021.

                                    /s/ Myron H. Thompson  
                            UNITED STATES DISTRICT JUDGE